UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CIVIL ACTION NO. 1:06CV-117-M

DOROTHY DELOTEUS                                              PLAINTIFF

VS.

USAA CASUALTY INSURANCE COMPANY
a/k/a UNITED SERVICED AUTOMOBILE ASSOCIATION;

RIMKUS CONSULTING GROUP, INC.;

PAUL D. COLMAN;

LAWRENCE L. WEDDERSTRAND                                      DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Motions to Dismiss based on lack of personal jurisdiction filed by Defendants Paul D. Colman and Lawrence L. Wedderstrand. For the following reasons, the motions of Colman and Wedderstrand to dismiss for lack of personal jurisdiction are GRANTED [DN 8, 9].

**I.  Background**

Plaintiff Dorothy Deloteus is a Kentucky resident who owns property in Mississippi. Deloteus owned a condominium in Pass Christian, Mississippi that was completely destroyed by Hurricane Katrina in August of 2005. The destroyed property was insured by USAA Casualty Insurance Company ("USAA"), and Deloteus promptly filed a claim for coverage of her loss. In January, 2006, USAA denied coverage for Deloteus's loss because USAA determined the loss was caused by water damage not covered by Deloteus's insurance policy.

The controversy arises from the determination that the loss was caused by water damage, rather than by wind. If wind were the cause of the loss, USAA would be responsible to cover the harm to Deloteus's condominium. USAA employed Defendant Rimkus Consulting Group, Inc. ("Rimkus") to analyze and determine the damage. Rimkus is a Texas corporation that employs Defendants Colman and Wedderstrand, who both reside in Mississippi. Defendants Colman and Wedderstrand are engineers who assessed the damage of Deloteus's property. They prepared a report stating that water, rather than wind, caused the destruction to Deloteus's property. All of the action performed by Colman and Wedderstrand in relation to their damage report on Deloteus's property took place in Mississippi. Defendants Colman and Wedderstrand did not travel to Kentucky in relation to the report, and both Defendants were unaware that Deloteus resided in Kentucky. The report prompted USAA to deny coverage for Deloteus's loss, and Deloteus then filed suit in this Court based on breach of contract, breach of good faith, and other related claims. Colman and Wedderstrand seek dismissal claiming that this Court lacks personal jurisdiction over them.

## II. Standard of Review

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b) is made, the plaintiff has the burden of proving that jurisdiction exists. Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). As a part of the burden of proof, the plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the

2

motion to dismiss. When an evidentiary hearing is held, the plaintiff must establish jurisdiction by a preponderance of the evidence. Id. at 417. When there is no evidentiary hearing, the plaintiff must make only a prima facie showing and the pleading and affidavits are viewed in a light most favorable to the plaintiff. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998)). Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. Youn, 324 F.3d at 417; Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002). If personal jurisdiction exists under the forum state's long arm statute, the court then must determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution. Id.

### III. Discussion

In this case, the dispute concerns whether the activities of Colman and Wedderstrand place them within the reach of Kentucky's long-arm statute. Colman and Wedderstrand assert that they have no substantial connections to Kentucky and have not purposefully availed themselves of the privilege of acting in Kentucky. Deloteus argues that as agents of a company which insures a Kentucky resident, Colman and Wedderstrand are subject to personal jurisdiction in Kentucky.

#### A. Personal jurisdiction

"Whether or not personal jurisdiction is established in any instance depends upon the facts and circumstances of each particular case." Info-Med, Inc v. National Healthcare, Inc., 669 F. Supp. 793, 796 (W.D. Ky. 1987). In determining whether the exercise of personal jurisdiction over a nonresident defendant is authorized, a federal district court must first

apply the law of the forum state. Clay v. Hopperton Nursery, Inc., 533 F. Supp. 476, 478 (E.D. Ky. 1982). If the state long-arm statute would permit the exercise of personal jurisdiction over the nonresident defendant, the court must examine whether the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. Id. Where the state legislature has authorized state courts to reach the full constitutional limits in pursuing a nonresident defendant, these two inquiries become one. Id.

In Kentucky, the reach of the long-arm statute and considerations of due process are conflated as "the long-arm statute within this jurisdiction allows Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants." Wilson v. Case, 85 S.W.3d 589, 592 (Ky. 2002)(citation omitted). Thus, the Court need only consider whether jurisdiction is proper under the Fourteenth Amendment. National Grange Mut. Ins. Co. v. White, 83 S.W.3d 530, 533-34 (Ky. 2002); see also Tobin v. Astra Pharmaceutical Products, Inc., 993 F.2d 528, 541 (6th Cir.), cert. denied, 510 U.S. 914 (1993)(recognizing that the Kentucky long-arm statute has been understood to reach the full constitutional limits in entertaining jurisdiction over non-resident defendants).

"The relevant inquiry is whether the facts of the case demonstrate that the nonresident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991)(quoting International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)). Depending on the type of contacts with the forum, personal jurisdiction may be either general or specific. General jurisdiction exists

4

upon a showing that the defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant." Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 149 (6th Cir. 1997). Specific jurisdiction is exercised over a defendant in a suit arising out of or related to the defendant's contacts with the forum. Id.; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 & nn. 8-10 (1984). Plaintiff Deloteus does not clearly assert either in her Complaint or Response to the Motion to Dismiss whether this Court should exercise general or specific personal jurisdiction over Defendants Colman and Wedderstrand.

### B. Personal Jurisdiction over a Foreign Agent

Deloteus's assertion that the Court has personal jurisdiction is rooted in the idea that there is jurisdiction over USAA, and it extends to allow the exercise of personal jurisdiction over Colman and Wedderstrand because they are agents of USAA. Assuming that Colman and Wedderstrand were agents of USAA, that relationship alone would not suffice to subject the engineers to jurisdiction.

Deloteus suggests that because Kentucky's long-arm statute allows jurisdiction over a person who "acts directly or by an agent" to cause injury within Kentucky, that as "agents," Colman and Wedderstrand are subject to personal jurisdiction. See KRS 454.210. Deloteus misconstrues the statute. The statute allows jurisdiction over a foreign principal whose agent acts within Kentucky. The long-arm statute does not extend jurisdiction in reverse over foreign agents of foreign principals when the agents have not acted within Kentucky.

5

Plaintiff's reliance on Kroger Co. v. Dornbos is misplaced. Kroger Co. v. Dornbos, 408 F.2d 813 (6th Cir. 1969). In Kroger, the Sixth Circuit found that an agent had sufficient contacts with the state of Tennessee to allow personal jurisdiction over the agent's principal. Id. at 815. It does not support the proposition that a foreign agent may be subjected to personal jurisdiction based on jurisdiction over the agent's principal.

### C. General Jurisdiction

General jurisdiction exists when the defendant has "continuous and systematic contacts" in a forum state that justify personal jurisdiction over any claims arising with respect to the defendant. Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 149 (6th Cir. 1997). Here, Colman and Wedderstrand have not had "continuous and systematic contacts" with the state of Kentucky. Colman has never been to Kentucky, never worked for a Kentucky business, and never worked on projects related to Kentucky structures. Wedderstrand has resided in Mississippi since January, 2002. Since that time, he has conducted no business in Kentucky or worked on any projects involving Kentucky property. Colman's complete lack of contacts and Wedderstrand's minimal contacts with Kentucky do not satisfy the necessary "continuous and systematic contacts" with Kentucky to allow the exercise of general jurisdiction here. General jurisdiction over Colman and Wedderstrand does not exist in Kentucky.

### D. Specific Jurisdiction

While general jurisdiction over Colman and Wedderstrand is not proper, the Court must also consider whether there is specific jurisdiction. The Sixth Circuit has identified

three criteria for determining whether specific in personam jurisdiction may be exercised.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). See also Theunissen, 935 F.2d at 1460; Franklin Roofing, Inc. v. Eagle Roofing and Sheet Metal, Inc., 61 S.W.3d 239, 240 (Ky. App. 2001).

In order to determine whether personal jurisdiction over the Defendants would be appropriate in this forum, the Court must examine their contacts in terms of the three criteria outlined in Mohasco. "The three-prong test is intended to be a framework for analysis and is not susceptible to mechanical application." Info-Med, 669 F.Supp. at 796 (citing Welsh v. Gibbs, 631 F.2d 436, 440 (6th Cir. 1980)). "Furthermore, the first and second prongs may be considered as one due to their inter-relatedness." Id.

Jurisdiction is proper under the purposeful availment requirement "where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Moreover, the defendant's conduct and connection with the forum must be of a character that he or she should reasonably anticipate being haled into court there. Id. at 474. "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Id. at 475.

"A defendant may be said to have purposefully availed himself of the benefits of the forum state if he has either 'deliberately' engaged in significant activities within a state or created 'continuing obligations' between himself and the citizens of a forum." Info-Med, 669 F. Supp. at 796 (quoting Burger King, 471 U.S. at 475-476.). "[P]arties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities.'" LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989) (quoting Burger King, 471 U.S. at 473 ). "[J]urisdiction may not be avoided merely because the defendant did not *physically* enter the forum state, so long as a commercial actor's efforts are purposefully directed toward residents of another state." Info-Med, 669 F. Supp. at 796.

Here, Colman and Wedderstrand are Mississippi residents who work for a Texas corporation. Plaintiff Deloteus has failed to demonstrate that either Colman or Wedderstrand has had more than random or attenuated contacts with the state of Kentucky. Before specific jurisdiction may be exercised, the Mohasco test requires that the defendant "purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state" and that the cause of action arises from the defendant's activities in the state. Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). Colman and Wedderstrand have not purposefully availed themselves of the privilege of acting within Kentucky or causing consequence in Kentucky. Nor has this cause of action arisen from Colman's or Wedderstrand's activities in Kentucky. Colman and Wedderstrand acted within Mississippi and assessed storm damage to a Mississippi property. Neither man had reason

to anticipate that those actions would subject him to suit in Kentucky. Deloteus, as owner of the property for which Colman and Wedderstrand prepared a damage report, resides here in Kentucky. Colman and Wedderstrand's connection to Deloteus is the type of "random" and "fortuitous" contact with Kentucky that Burger King explains does not subject a person to the exercise of personal jurisdiction. Thus, there is no specific jurisdiction over Colman and Wedderstrand and the exercise of personal jurisdiction in Kentucky is not proper.

### IV.  Conclusion

Plaintiff Deloteus did not meet her burden to establish this Court's personal jurisdiction over Colman and Wedderstrand. For the reasons set forth above, it is ordered that Motions to Dismiss by Colman and Wedderstrand are GRANTED [DN 8, 9].

cc:  counsel of record