## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**CIVIL ACTION NO. 1:06CV-117-M**

**DOROTHY DELOTEUS**                                                          **PLAINTIFF**

**VS.**

**USAA CASUALTY INSURANCE COMPANY**
**a/k/a UNITED SERVICES AUTOMOBILE ASSOCIATION;**

**RIMKUS CONSULTING GROUP, INC.;**                        **DEFENDANTS**

### OPINION AND ORDER

This matter is before the court on Motions to Dismiss or Transfer Venue filed by Defendants USAA Casualty Insurance Company and Rimkus Consulting Group. Fully briefed, this matter is ripe for decision. For the following reasons, Defendants' Motions to Dismiss are denied, but their Motions to Transfer are GRANTED [DNs 22, 27].

### I. Background

Plaintiff Dorothy Deloteus is a Kentucky resident who owns property in Mississippi. Deloteus owned a condominium in Pass Christian, Mississippi that was completely destroyed by Hurricane Katrina in August of 2005. The destroyed property was insured by USAA Casualty Insurance Company (USAA), and Deloteus promptly filed a claim for coverage of her loss. Defendant Rimkus Consulting Group (Rimkus) prepared a damage report related to Deloteus's property. Deloteus alleges that Rimkus falsified the report so that USAA could deny coverage. In January, 2006, USAA denied coverage for Deloteus's loss because USAA

determined the loss was caused by water damage not covered by Deloteus's insurance policy.

Following the denial of coverage, Deloteus filed suit in the Western District of Kentucky. None of the Defendants are located within Kentucky. Two defendants have already been dismissed from this suit based on this Court's lack of personal jurisdiction over them. Rimkus is a Texas Corporation that does business in Mississippi. USAA is also a Texas corporation. USAA sent insurance policy correspondence to Deloteus at her Kentucky address, but all of the action leading to this suit took place in Mississippi.

## II. Discussion

Defendants USAA and Rimkus claim the suit should be dismissed due to improper venue, under Fed. R. Civ. P. 12 (b)(3). In the alternative, the Defendants move to transfer the case pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). The Defendants assert that venue in Kentucky is improper and that the case should be transferred for the convenience of the parties and witnesses. Section 1406(a) provides that when a case proceeds in the improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion." First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). The Court finds that it is in the interest of justice to consider a transfer of venue in this case.

"[T]he appropriate forum for a case is any forum in which a substantial part of the events or omissions giving rise to the claim occurred." First of Michigan, 141 F.3d at 264. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002). When addressing a request for transfer of venue, the district court must "weigh a number of case-specific factors such as the convenience of parties and witnesses, 'public interest factors of systemic integrity,' and private concerns falling under the heading 'the interest of justice.'" Kerabo, 285 F.3d at 537-38 (internal citation omitted); Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).

The moving party "generally has the burden of proving that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight." Travelers Property Casualty Co. of America v. Centimark, Corp., 2005 WL 1038842, *4 (S.D. Ohio 2005); see also Bacik v. Peek, 888 F.Supp. 1405, 1414 (N.D. Ohio, 1993). Deloteus does not dispute that the instant suit could have been brought in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391. Accordingly, § 1404(a)'s requirement that a civil action may be transferred "to any other district or division where it might have been brought" has been met. Having determined that this requirement is met, the Court will consider the factors outlined above to determine whether a transfer of venue is warranted in this case.

### A. Convenience of the Parties

Plaintiff Deloteus is an elderly woman residing in Kentucky. Defendant Rimkus is a Texas corporation. Defendant USAA is also a Texas corporation. The action related to this case occurred in Mississippi. Defendants assert that the necessary evidence and witnesses related to this case are located in Mississippi. The Defendants further submit that this suit should be transferred to Mississippi to prevent unfairness and prevent an overly burdensome process of appearing in Kentucky and requiring witnesses to travel to Kentucky.

Deloteus would be inconvenienced by litigating in Mississippi and the Defendants likewise would be inconvenienced by litigating in Kentucky. However, the majority of the evidence and witnesses related to this case reside outside of the Western District of Kentucky. Given the location of the witnesses, it appears that this factor weighs in favor of the Defendants.

### B. Public Interest Factors of Systemic Integrity

"Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and, in a diversity case, having the trial in a forum that is at home with the state law that must govern the case." AmerisourceBergen Drug Corp. v. Meijer, Inc., 2005 WL 1630843, *4 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947)). There is reason to believe that this controversy is of particular interest to the public in Mississippi. Many Gulf Coast residents are embroiled in controversies similar to the one at issue here. Hurricane Katrina caused massive destruction along the Coast, and the public in that area has a particular interest in how ensuing controversies are resolved. Further, the

4

District Courts of Mississippi have particular knowledge related to cases such as this based on the number of cases brought in that district related to Katrina's storm damage. See, e.g., Lott v. State Farm Fire and Cas. Co., 2006 WL 2728695 (S.D. Miss. 2006); Proby v. Allstate Property and Cas. Ins. Co., 2006 WL 3102993 (S.D. Miss. 2006); Comer v. Nationwide Mut. Ins., 2006 WL 1066645 (S.D. Miss. 2006). Therefore, this factor weighs in favor of transfer to the Southern District of Mississippi.

### C. Private Interest Factors

"The private interests of litigants include 'relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises ...; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" AmerisourceBergen, 2005 WL 1630843, *5 (citing Gulf Oil, 330 U.S. at 508). Deloteus has not argued that requiring her to litigate in Mississippi would be overly burdensome. Nor does Deloteus propose that she will introduce witnesses who are not located in the Southern District of Mississippi. Deloteus asks the court to consider her age and the fact that her children do not live nearby. But Deloteus does not claim that these issues will cause her any particular difficulty if this case were transferred to Mississippi.

Defendants assert that the relative availability of compulsory process to secure the attendance of unwilling witnesses indicates that Mississippi is the more appropriate forum for this case. Further, the cost of obtaining the attendance of willing witnesses would be

more manageable if venue were transferred to Mississippi.  Both of these factors are considered in Gulf Oil, indicating that these are valid considerations for this Court.  See Gulf Oil, 330 U.S. at 508.  The Court finds that the issues of compulsory process and cost of witness attendance both favor venue in Mississippi.  That the property at issue itself is located in Mississippi also indicates that transfer is appropriate.

The Court recognizes that some private interest factors counsel against a transfer to Mississippi.  It is true that Deloteus chose to bring suit in Kentucky and that the Plaintiff's choice of venue deserves deference.  See Duha v. Agrium, Inc., 448 F.3d 867, 883 (6th Cir. 2006)(plaintiff's choice of venue deserves some deference); cf. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258 FN23 (1981)(a plaintiff's "forum choice should not be given dispositive weight").  While the court recognizes that Deloteus is elderly, she has not suggested that she has health issues which create a difficulty for her to travel.  Further, the Defendants have asserted that Deloteus's son, a resident of Alabama, intends to handle the prosecution of this case.  Deloteus has not rebutted this assertion.  In consideration of all the above factors, the Court finds that the private interest factors at stake in this case favor the transfer of this matter to the Southern District of Mississippi.

### III. Conclusion

All of the factors considered above favor the transfer of this case to the Southern District of Mississippi.  For the reasons set forth herein, it is hereby ordered that the Motions by the Defendants to Dismiss the case due to improper venue are DENIED [DN 22, 27].  The Motions by the Defendants to transfer this case are GRANTED [DN 22, 27].  It is further

ordered that this matter is transferred to the Southern District of Mississippi.

cc: Counsel of record